# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| METAL MAGIC, INC. and RODNEY WILKERSON, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| -vs- | )    Case No. CIV-19-0476-F |
| GIDEON CONTRACTING, LLC, | )<br>)<br>) |
| Defendant. | ) |

## ORDER

The court has a duty to determine its own jurisdiction. Tuck v. United Services Automobile Association, 859 F.2d 842, 844 (10th Cir. 1988). Upon review of the Notice of Removal, the court finds that it fails to properly allege all the information required to support diversity jurisdiction.

Defendant, Gideon Contracting, LLC, alleges that plaintiffs are citizens of the State of Oklahoma. One of the plaintiffs, Metal Magic, Inc., appears to be a corporation. For purposes of diversity jurisdiction, a corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Notice of Removal must specifically identify the state by which plaintiff, Metal Magic, Inc., has been incorporated and the state where it has its principal place of business. Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018) ("The party seeking the exercise of jurisdiction in [its] favor must allege in [its] pleading the facts essential to show jurisdiction.") (quotations omitted).

Defendant represents that it is a limited liability company.  Defendant recognizes that its citizenship is determined by the citizenship of its members.  *See,* Spring Creek Exploration & Production Company, LLC, 887 F.3d at 1014.  Defendant alleges that its sole member is a citizen of a state other than the State of Oklahoma.  This allegation is insufficient; the actual state of citizenship must be alleged for the sole member of the limited liability company.  *See*, Simmons v. Rosenberg, 572 F. Supp. 823, 825 (E.D. N.Y. 1983) (merely averring that a party is a citizen of a state other than the state of New York is clearly insufficient to establish diversity jurisdiction).  If the sole member is a business entity rather than an individual, then further jurisdictional information is required pertaining to the business entity.  *See generally*, 15 James WM. Moore, Moore's Federal Practice, §§ 102.50-102.57 (3d ed. 2018).

Defendant is **DIRECTED** to file an Amended Notice of Removal within ten days of the date of this order providing the missing jurisdictional information.  Failure to comply may result in the remand of this action to state court.

IT IS SO ORDERED this 28th day of May, 2019.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0476p001.docx