# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| METAL MAGIC, INC. and RODNEY WILKERSON, | ) |
| Plaintiffs, | ) |
| -vs- | ) Case No. CIV-19-0476-F |
| GIDEON CONTRACTING, LLC, | ) |
| Defendant. | ) |

## ORDER

The court is in receipt of the Amended Notice of Removal. Doc. no. 6. Upon review, the court finds that it still fails to properly allege all the information required to support diversity jurisdiction.

Defendant, Gideon Contracting, LLC, alleges that plaintiffs are citizens of the State of Oklahoma. As to the individual plaintiff, Rodney Wilkerson, Inc., defendant alleges that he "is an individual residing in the State of Oklahoma." Doc. no. 6, ¶ 4. In addition, defendant alleges that its "sole member is an individual, Jade Chang Sheppard, who resides in the State of California." *Id.*, ¶ 5. For purposes of 28 U.S.C. § 1332, however, citizenship and residence are two entirely distinct concepts.

Residence is not the equivalent of citizenship. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Const. Co., 357 F.2d 242, 245 (10th Cir. 1966). For any number of reasons, an individual can "reside" in one place but be domiciled in another place. For adults, domicile is established by physical presence in a place, coupled with an intent to remain there. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). A natural person is

a citizen of the state in which he is domiciled.  Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983).  Further, in removal cases, the required diversity of citizenship must exist both at the time when suit was filed in state court and at the time of removal to federal court.  Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996) (citing Kanzelberger v. Kanzelberger, 782 F.2d 774, 777 (7th Cir. 1986)); 14C Wright & Miller, Federal Practice and Procedure § 3723 (Rev. 4th ed. 2019).

Accordingly, defendant, Gideon Contracting, LLC, is **DIRECTED** to file, within seven business days, a Second Amended Notice of Removal which includes the states of citizenship of Rodney Wilkerson and Jade Chang Sheppard both at the time when suit was filed in state court and at the time of removal to federal court.[2] Absent compliance, this action may be remanded to state court.

IT IS SO ORDERED this 10th day of June, 2019.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0476p002.docx

---

[1] If defendant is unable to obtain the missing jurisdiction pertaining to Rodney Wilkerson from plaintiffs, defendant may allege the state of citizenship for Rodney Wilkerson based on defendant's information and belief.

[2] Lest it be thought that this requirement exalts formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of litigation.